

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. 0-972
Re: The authority of a county
fee officer in disbursing
to himself compensation
during the year out of
fees of office; also with
reference to payment for
necessary expenses incur-
red, such as stationery,
stamps, etc., under Arti-
cle 3899(a) Revised Civil
Statutes, as amended.

Your letter of June 10, 1939, wherein you request
an opinion from this department reads, in part, as follows:

"1. Is it lawful for the Commissioners Court
of Clay County to obtain surplus money from the
Board of County and District Road Indebtedness,
on Road #2. Re: Exemption under Article #370, Sec-
tion 7-K, of the General Laws applicable to the
Board of County and District Road Indebtedness.
If lawful what method of procedure is proper. If
refunded how may this money be invested or dis-
bursed.

"2. Is a County fee officer of Clay County,
allowed to disburse to himself as salary more
than $250.00 each month. After payment of deput-
ies, office supplies, etc. I intend to ask in
this question (Is his salary to be divided so



that he will be allowed to disburse only $250.00 for each month, or may he spend as much as he sees fit or needs in any one month or months, so LONG as he does not spend over $3000.00 for the year. This being for an officer who is not receiving ex-officio compensation.)

"3. Is it lawful for Clay County to pay out of its General Fund, for stationery, stamps, and other supplies, (with exception of permanent fixtures and records) for the various fee offices on a fee system.

"4. How much salary should the County Auditor of Clay County receive. Population 14,595, last census. Assessed Valuation 1938, $10,676,580."

With reference to your question number "1", we wish to state that we are unable to find any statute designated as Article 370, Section 7-K of the General Laws relating to county and district road indebtedness. You doubtless have reference to Act 6674q-1 and relative articles subsequent, containing the provisions of Chapter 13, Acts 1932, third called session of the Forty-second Legislature. H. B. 688, an Act amending Chap. 13, third called session of the Forty-second Legislature, as amended, was passed by the recent session of the Forty-sixth Legislature and has become a law, save and except certain provisions thereof held by this department in our opinion 0-908 to be unconstitutional.

A close study of your question No. 1 with reference to the many provisions of the laws pertaining to district and county road indebtedness, discloses that it would be impossible for us to render you an opinion from the facts submitted. We are therefore omitting from this opinion your first question. For your information and guidance, however, we respectfully refer you to the Board of County and District Road Indebtedness, which Board is charged with the administration of the provisions of H. B. 688 and by its provisions designated the refunding agent of each county affected. We enclose with this opinion for your guidance a copy of our opinion 0-908, the syllabus of which is found in Book 5 Vol. 1, page 191 of the June monthly report of the Attorney General of Texas.

With reference to the above questions listed under numerals "2" and "3", same are answered in this opinion with your question number "4" answered by separate opinion enclosed herewith.

Under Title 61, R.C.S., 1925, Fees of Office, Article 3883, as amended, provides:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty-five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each.

*   *   *   *."

Article 3891, as amended, provides:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400).

*   *   *   *."

The other provisions of Article 3891 provide for the disposition and pertain only to the excess fees, containing the following provisions:



"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where the excess accrued."

Article 3899 (a) as amended, provides in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. * * * The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. * * * ".

Article 3896, as amended, provides for the keeping of accounts of all fees of office; Article 3897, as amended, provides that each county officer shall make a sworn report at the close of each fiscal year (December 31st), and Article 3898, as amended, provides that each district, county and precinct officer shall file his report and make the final settlement required not later than February 1st, of each year. It is further provided therein that whenever such officer serves for a fractional part of the fiscal year, he shall nevertheless file his report and make final settlement for such part of the year as he serves and shall be entitled to such proportionate part of his compensation as the time for his service bears to the entire year.

Construing and harmonizing the above provisions of the statutes, the compensation of a county fee officer is based upon



"fees earned" by the office which he holds. The law places a county officer only on a <u>maximum yearly basis</u> as to the fees allowed to be retained by him. He is liable on his bond for all excess fees over and above the maximum allowed to be retained under the provisions of the statutes. The statutes do not set any limitation or make any provision as to how such fee officer, during the period from one fiscal final settlement to the other, shall disburse the fees of his office. The fact that out of such fees, all expenses and salaries of assistants and deputies authorized, are to be paid from and charged against the fees of the office, requires that such officer be allowed to retain jurisdiction over the fees of his office up to the time of settlement with the county.

With reference to expenses allowed for stationery, stamps and other items of similar class and character, the provisions of Article 3899(a) should be followed, which Article specifically provides that such expenses shall be paid out of the fees earned by such officer.

It is, therefore, the opinion of this department, that in answer to your questions "2" and "3", a county fee officer, duly qualified and under bond, has full authority as to the disbursement of his own compensation out of fees of his office, provided he does not retain as his annual compensation in excess of the maximum and excess fees allowed to be retained by law. Such county fee officer is allowed to deduct the expenses of his office for items enumerated in Article 3899(a) subject to being approved and audited by the County Auditor, if any, otherwise by the Commissioners' Court, as being incurred and a necessary expense of office.

With reference to the salary of the County Auditor of Clay County, under your question No. 4, we enclose herewith a copy of our opinion No. 0-826 rendered by this department to Hon. A. W. Lowery, County Attorney, Nacogdoches County, on May 19, 1939, which opinion fixes the compensation of the County Auditor under Article 1645, R. C. S., 1925, on the basis of $125.00 per each million dollar assessed valuation or major fraction thereof. According to the valuation given above, the Auditor's annual salary would be fixed at $1375.00.

Trusting the above answers your questions as set forth herein, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

APPROVED JUL 25, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY T.D.R
CHAIRMAN